IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OREN PANITCH, GINA DAVIS, AND MARGIE RIZIKA, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE QUAKER OATS COMPANY,<br><br>    Defendant. | Civil Action No. 17-cv-03460<br><br>Honorable Judge Charles R. Norgle, Sr.<br><br>Honorable Magistrate Sidney I. Schenkier |

**DEFENDANT QUAKER OATS COMPANY'S
MOTION FOR ENTRY OF JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 58(d), Defendant Quaker Oats Co. ("Quaker") hereby requests that the Court direct the Clerk to enter judgment in this case. The Court has already closed this case, ECF No. 26, but has not formally entered judgment in favor of Quaker. *See* Fed. R. Civ. P. 58(a).

This case is one of a number of cases asserting identical claims based on Quaker's use of terms like "natural" and "heart healthy" on its product labeling. Those actions have all been transferred to this district. Five cases were consolidated into a single action and two others, including this action, were stayed pending resolution of the consolidated action because they are substantially identical to the consolidated action. The Court granted Quaker's motion to dismiss the consolidated action with prejudice because the plaintiffs' claims were preempted and failed as a matter of law. As other courts found in ordering transfer to this district, and as this Court found in its order on relatedness, this action is substantially identical to the now-dismissed consolidated action. Accordingly, one week after dismissing the consolidated action, the Court entered minute orders

1

closing this case and the other stayed case. Quaker now requests that the Court complete the clerical task of entering judgment in this case.

Between April 29, 2016, and May 3, 2016, five plaintiffs filed nearly identical complaints proposing nationwide classes based on the alleged presence of trace amounts of glyphosate in Quaker Oats products. Those actions were transferred to this Court and consolidated in *Gibson v. Quaker Oats Co.*, No. 16-cv-4853. *See Daly v. Quaker Oats Co.*, No. 16-cv-7383, ECF Nos. 1, 12 (N.D. Ill.) (*Daly* complaint and order granting transfer); *Cooper v. Quaker Oats Co.*, No 16-cv-7217, ECF Nos. 1, 16 (N.D. Ill.) (*Cooper* complaint and order granting transfer); *Jaffee v. Quaker Oats Co.*, No 16-cv-7134, ECF Nos. 1, 12 (N.D. Ill.) (*Jaffee* complaint and order granting transfer); *Gibson*, No. 16-cv-4853, ECF No. 1 (N.D. Ill.) (*Gibson* complaint); *see also Wheeler v. Quaker Oats Co.*, No 16-cv-5776, ECF No. 1, 19 (N.D. Ill.) (*Wheeler* complaint and voluntary dismissal). Another plaintiff filed a substantially identical suit in Washington state court—Quaker removed the case to federal court and successfully moved to transfer. *Kinn v. Quaker Oats Co.*, No 16-cv-1262, ECF Nos. 1-1, 10, 22 (W.D. Wash.) (*Kinn* complaint, mot. to transfer and order granting mot.).

Plaintiffs filed this action as the *seventh* lawsuit asserting claims identical to those first raised months earlier. *Panitch v. Quaker Oats Co.*, No. 16-cv-4586, ECF No. 1 (E.D. Pa. Aug. 22, 2016) ("*Panitch* Compl."). Because the claims alleged in this case are "substantially identical to the consolidated amended complaint in *Gibson*," *id.*, ECF No. 21, at 7 (opinion), that court ordered the case transferred to this district, *id.*, ECF No. 22 at 1 (order).

After this case was transferred, Quaker moved for a finding of relatedness and to stay proceedings pending resolution of Quaker's motion to dismiss in *Gibson*. Quaker argued that this

action satisfied all of the conditions required for a finding of relatedness under Rule 40.4(b) because this case and the consolidated cases were "pending in this Court," the factual and legal overlap described above demonstrated that "the handling of [these] cases" as related was "likely to result in a substantial saving of judicial time and effort," and the cases were "susceptible of disposition in a single proceeding." *Gibson*, No. 16-cv-4853, ECF No. 50 at 2-3 (N.D. Ill. May 12, 2017) (quoting LCvR. 40.4(b)(3)). The Court granted the motion, relating the cases and staying proceedings in this case pending the Court's consideration of the Quaker's motion to dismiss in the consolidated *Gibson* action. *Gibson*, No. 16-cv-4853, ECF No. 52 (N.D. Ill. May 18, 2017).[1]

As this Court acknowledged in its ruling on relatedness, this case is materially identical to *Gibson*. Plaintiffs assert the same purported injury resulting from the same labels on Quaker's products as the *Gibson* plaintiffs. *See* Mem. Supp. Mot. to Transfer or Stay, *Panitch*, No. 16-cv-4586, ECF No. 5, at 3-4 (E.D. Pa. Oct. 11, 2016) (describing similarities in complaints); *Compare Panitch* Compl., *with Gibson*, No. 16-cv-4853, ECF No. 28 (N.D. Ill. Aug. 11, 2016) ("Consol. Compl."). Both Plaintiffs proposed nationwide class certification. Mot. to Transfer or Stay, *Panitch*, No. 16-cv-4586, ECF No. 5 (E.D. Pa. Oct. 11, 2016). The complaint in this case is, in many places, copied word-for-word from the complaints of the cases consolidated in *Gibson*. Mem. Supp. Mot. to Transfer or Stay, *Panitch*, No. 16-cv-4586, ECF No. 5 at 1 (E.D. Pa. Oct. 11, 2016). Like the plaintiffs in the consolidated action, Plaintiffs here allege that: (1) the same products— Quaker Oats Old-Fashioned, Quaker Oats Quick 1-Minute, and Quaker Steel Cut Oats; (2) contain the same labels, including the term "natural"; (3) which purportedly were "likely to deceive" con-

---

[1] Quaker also moved for reassignment and a stay in *Kinn*, which the Court granted. *See Gibson*, No. 16-cv-4853, ECF Nos. 39, 41 (N.D. Ill. Nov. 30, Dec. 1, 2016) (mot. for reassignment under Rule 40.4 and stay, order granting mot.).

sumers; (4) because "quantitative testing" purportedly "revealed that Quaker Oats contain glyphosate." *Compare Panitch* Compl. ¶¶ 1, 3, 6, 73, 99, 151, 173, 193, *with* Consol. Compl. ¶¶ 4, 5, 72, 85. Plaintiffs assert that Quaker is liable under the same theories asserted in the *Gibson* complaint, including unjust enrichment, breach of warranty, negligent misrepresentation, and violation of state consumer protection laws. *Compare Panitch* Compl. ¶¶ 120-207, *with* Consol. Compl. ¶¶ 140-254. Plaintiffs here seek the same relief—injunctive relief, restitution, disgorgement, damages, and attorneys' fees—as the *Gibson* plaintiffs. *Compare Panitch* Compl. 41, *with* Consol. Compl. 52-53.

On August 14, 2017, the Court dismissed the consolidated complaint in *Gibson* with prejudice. *Gibson*, No. 16-cv-4853, ECF Nos. 58, 59, 60 (N.D. Ill. Aug. 14, 2017) (order granting Mot. to Dismiss, Mem. Op. on Mot. to Dismiss, and Judgment). The Court held that the consolidated plaintiffs lacked standing to assert claims based on products that they did not purchase. It further held that the remaining claims were preempted by the comprehensive federal regulatory scheme established by the Food, Drug, and Cosmetic Act, and by the actions of the Food and Drug Administration in defining use of the term "natural." The Court also held that, because preemption by Congress meant that "Plaintiffs cannot challenge Quaker Oats labeling under state or common law," dismissal with prejudice was warranted because the Plaintiffs could not cure the fatal defects in their complaint. *Gibson*, No. 16-cv-4853, ECF No. 59 at 8 (N.D. Ill. Aug. 14, 2017) (Mem. Op. on Mot. to Dismiss). Plaintiffs' claims also failed for other reasons, including that Plaintiffs' claims were implausible as a matter of law. *See* Mot. to Dismiss, *Gibson*, No. 16-cv-4853, ECF No. 35 at 3 (N.D. Ill. Sept. 26, 2016) ("*Gibson* Mot. to Dismiss").

Eight days later, the Court closed this case (and the related *Kinn* action), referencing the Court's opinion and order dismissing the complaint in *Gibson*. Closure was appropriate because

4

Plaintiffs' claims are meritless for the reasons described in Quaker's motion to dismiss and in this Court's opinion and order dismissing the related action. *Gibson v. Quaker Oats Co.*, No. 16-cv-4853, 2017 WL 3508724 (N.D. Ill. Aug. 14, 2017); *Gibson* Mot. to Dismiss; Mem. Supp. Mot. to Dismiss, *Gibson*, No. 16-cv-4853, ECF No. 36 (N.D. Ill. Sept. 26, 2016) ("*Gibson* Mem. Supp. Mot. to Dismiss").

The dismissal in *Gibson*, standing alone, is sufficient to warrant entry of judgment in this action because the claims in this action are identical to those in *Gibson*. In addition to the grounds for dismissal discussed in this Court's opinion in *Gibson*, Plaintiffs fail to state a claim for the following additional reasons.

Plaintiffs' failure-to-warn claims are duplicative of those asserted in *Gibson* and are meritless for the same reasons: (1) Plaintiffs lack standing, not having suffered any concrete injury from the trace amounts of glyphosate alleged to be present in Quaker products, (2) Plaintiffs' claims are preempted by federal legislation and regulations expressly deeming safe and permitting trace levels of glyphosate, and (3) Plaintiffs have not alleged the omission of any material fact in Quaker's public representations. The *Gibson* plaintiffs failed to state a claim for the same reasons. *See Gibson* Mot. to Dismiss at 2; *Gibson* Mem. Supp. Mot. to Dismiss at 10-18.

Similarly, just as in *Gibson*, Plaintiffs' claims relating to Quaker's use of "heart healthy" are preempted by federal regulations. *See* 21 C.F.R. § 101.81; Food Labeling: Health Claims; Soluble Fiber From Whole Oats & Risk of Coronary Heart Disease, 62 Fed. Reg. 15,343 (Mar. 31, 1997); *see also Gibson* Mot. to Dismiss at 2; *Gibson* Mem. Supp. Mot. to Dismiss at 19-20. Plaintiffs also fail to state a claim relating to Quaker's use of "natural." These claims seek to impose retroactive punishment on Quaker for its reliance on long-standing federal policy regarding the use of "natural" in food labeling. *See Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156,

2167 (2012); *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1147 (N.D. Cal. 2013). Nor have Plaintiffs plausibly alleged that reasonable consumers share their interpretation of "natural" as indicating a product is free of trace amounts of any pesticide down to the molecular level. *See Gibson* Mem. Supp. Mot. to Dismiss at 20-23; *In re: Gen. Mills Glyphosate Litig.*, No. 16-2869, 2017 WL 2983877 at *5 (D. Minn. July 12, 2017) ("It is implausible that a reasonable consumer would believe that a product labelled as having one ingredient—oats—that is '100% Natural' could not contain a trace amount of glyphosate that is far below the amount permitted for organic products."); *Organic Consumers Ass'n v. Sioux Honey Ass'n*, No. 2016-ca-8012 (D.C. Super. Ct. Mar. 31, 2017) (granting motion to dismiss); *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 756-59 (N.D. Ill. 2015); *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978-79 (C.D. Cal. 2013).

Plaintiffs' remaining allegations also fail to state a claim. Although Plaintiffs point to different state laws than the state laws identified in *Gibson*, this Court's ruling in *Gibson* did not turn on details of state law; rather, this Court found that any state consumer protection law claims are precluded by federal law. In addition, Plaintiffs' state consumer protection law allegations fail to state a claim because those state laws expressly incorporate federal standards. *See* Tex. Health & Safety Code § 431.244; N.J.A.C. § 8:59-5.5; 34 Pa. Admin. Code § 309.1. Plaintiffs have also failed to allege that any particular plaintiff purchased any specific Quaker products, relying merely on generic assertions that the named plaintiffs purchased "Quaker Oats." *Panitch* Compl. ¶¶ 29, 32, 34. This lack of specificity deprives Plaintiffs of standing to pursue their claims. *See Gibson*, 2017 WL 3508724 at *4; *Gibson*, Mem. Supp. Mot. to Dismiss at 24-25. Plaintiffs' claims for injunctive relief also fail for lack of standing—now that Plaintiffs are aware of Quaker's alleged misrepresentations, Plaintiffs cannot claim to be misled by Quaker's advertising in the future. *See*

*Gibson* Mem. Supp. Mot. to Dismiss at 23.  Finally, Plaintiffs' claim premised on unjust enrichment claim fails alongside the "related claim[s]" as it "rests on the same improper conduct." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011).

For the reasons identified in the Court's order and opinion dismissing the *Gibson* plaintiffs' complaint with prejudice, and Quaker's motion to dismiss in *Gibson*, Quaker respectfully requests that this Court direct the entry of judgment in favor of Quaker. *See* Fed. R. Civ. P. 58.

Dated:  September 6, 2017            Respectfully submitted,

BY: _____

| | |
|---|---|
| Erik J. Ives | Andrew S. Tulumello (*pro hac vice*) |
| **FOX, SWIBEL, LEVIN & CARROLL LLP** | Jason R. Meltzer (*pro hac vice*) |
| | **GIBSON, DUNN & CRUTCHER LLP** |
| 200 West Madison Street, Suite 3000 | 1050 Connecticut Avenue, N.W. |
| Chicago, Illinois 60606 | Washington, D.C. 20036 |
| Tel:  (312) 224-1200 | Tel:  (202) 955-8500 |
| Fax:  (312) 224-1201 | Fax:  (202) 467-0539 |
| eives@foxswibel.com | Atulumello@gibsondunn.com |
| | Jmeltzer@gibsondunn.com |

*Attorneys for Defendant Quaker Oats Company*

**<u>CERTIFICATE OF SERVICE</u>**

    The undersigned attorney hereby certifies that on September 6, 2017, he caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record.

                                                */s/ Erik J. Ives*